UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOEL PINNOCK,

                Plaintiff,

                                                      __COMPLAINT__

      -against-

POLICE OFFICER MATTHEW LEWIS and
JOHN DOE defendants 1 and 2, the names being       JURY TRIAL DEMANDED
unknown and fictitious, employees of the New
York City Police Department,

                Defendants.

-------------------------------------------------------------X

      LOEL PINNOCK, by his attorney, The Law Office of Fred Lichtmacher, PC, alleges the

following upon information and belief as his Complaint.

<u>Nature of the Action</u>

      1.     This civil rights action arises from the November 20, 2013 brutal assault on Loel

Pinnock by New York City Police Officers.  Plaintiff seeks compensatory and punitive damages

for violation of his civil rights pursuant to 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This

Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

      3.     Pursuant to 28 U.S.C. §1391(b) (2), venue is proper in the Eastern District of New

York because that is the judicial district in which the events giving rise to the claim occurred.

<u>Parties</u>

      4.     Plaintiff  LOEL PINNOCK is a citizen of the United States of America residing in

Queens County in the State of New York.

5.     Defendant MATTHEW LEWIS was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 113th Police Precinct, Queens, New York.

6.     Defendant MATTHEW LEWIS is liable for directly participating in the events underlying this suit as well as for not intervening to prevent or end the misconduct to which Plaintiff was subjected.

7.     Defendant JOHN DOES 1 and 2 were, at all times relevant, duly appointed and acting police officers employed by the New York City Police Department and assigned to the 113th Police Precinct, Queens, New York.

8.     Defendant LEWIS as well as JOHN DOES 1 and 2 were at all times relevant acting as agents, servants and employees acting within the scope of their employment with the City of New York and at all times relevant were acting under color of law.

Facts Underlying
Plaintiff's Claims for Relief

9.     Beginning on November 20, 2013 on Farmers Boulevard near 140th Avenue in Queens, New York, Plaintiff was pulled over by the Defendants while driving his car within the 113th Precinct.

10.     Without provocation, a reasonable suspicion to do so, and without a warrant the Defendants ordered the Plaintiff to get out of his car to conduct a search of his person and his vehicle.

11.     Plaintiff cooperated with the Defendants as they searched the vehicle and the Plaintiff finding nothing.

-2-

12.    Nevertheless, after the search Plaintiff was handcuffed and taken to the 113th Pct with Defendant officers in the car.

13.    When Plaintiff inquired as to why he was being arrested, he was told "you'll find out soon enough."

14.    Upon arriving at the 113th precinct, Plaintiff was taken to the back and ordered to strip.

15.    When Mr. Pinnock questioned why he was being asked to strip the Defendants reacted by beating him.

16.    Defendant Matthew Lewis punched the Plaintiff twice in his left eye and nose area  causing to him to fall to the floor.

17.    After he went to the floor he was then kicked and beaten by several officers.

18.    Plaintiff was struck repeatedly in the back of the head, his eye, on his back and in his ribs.

19.    During the attack, Mr. Pinnock felt hands on his buttocks and another hand on his crotch area causing him to yell "Rape, rape, they're trying to kill me."

20.    None of the individual Defendants took any action to prevent the gratuitous beating, despite having a realistic opportunity to do so.

21.    Plaintiff was then taken to the Queens Hospital Center, not by ambulance, where he was diagnosed with facial trauma; a fracture of the posterior aspect of the medial left orbital wall; left periorbital soft tissue hematoma; fracture at the base of his skull; genital pain; loss of consciousness; blurred vision; headache; severe pain; he was referred to an eye clinic; he was referred to pain management and he incurred several other harms.

-3-

22.     Plaintiff needed to return to the hospital for follow up treatments and he still suffers with eye problems due solely to the gratuitous beating.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
PURSUANT TO 42 U.S.C. §1983 THE RIGHT TO BE FREE FROM
THE USE OF EXCESSIVE AND UNREASONABLE
FORCE PURSUANT TO THE FOURTH
AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION

23.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

24.     By the actions described above, the individual Defendants, and each of them, deprived the Plaintiff of rights secured by the United States Constitution, including, but not limited to, to Mr. Pinnock's right to be secure in his person from the use of excessive and unreasonable force.

25.     As a consequence thereof, the Plaintiff has been injured.

26.     Plaintiff was physically injured, he suffered pain, loss of bodily function, he needed repeated medical treatment and that he was otherwise harmed.

27.     Plaintiff is entitled to compensatory and punitive damages, to be determined by the trier of fact as well as an award of the costs and disbursements herein; an award of attorney's fees under 42 U.S.C. §1988; and such other and further relief as this Court may deem just and proper.

SECOND CLAIM FOR RELIEF FOR
FAILURE TO INTERVENE
TO PREVENT OR END THE
VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

28.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

29.     The individual Defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Pinnock was subjected despite having a reasonable opportunity to do so.

30.     As a consequence thereof, the Plaintiff has been injured.

31.     Plaintiff was physically injured, he suffered pain, loss of bodily function, he needed repeated medical treatment and that he was otherwise harmed.

32.     Plaintiff is entitled to compensatory and punitive damages, to be determined by the trier of fact as well as an award of the costs and disbursements herein; an award of attorney's fees under 42 U.S.C. §1988; and such other and further relief as this Court may deem just and proper.

<u>Request for Relief</u>

WHEREFORE, Plaintiff respectfully requests that judgment be entered that his right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated and:

(A)     Compensatory damages in an amount not to exceed $1,000,000;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be fixed at trial;

(C)     An award to Plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988; and

(E)     Such other and further relief as this Court may deem just and proper.

Dated: August 11, 2016
        New York, New York

_____
            / s /
Fred Lichtmacher
The Law Office of Fred Lichtmacher P.C.
  *Attorney for Plaintiff*
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066

_____

By: Fred Lichtmacher

-6-